UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

OSMIN CAMPO GIL,

     Petitioner,

    v.                              Case No.:  2:26-cv-00273-SPC-NPM

WARDEN OF ALLIGATOR
ALCATRAZ,

     Respondent,
_____/

## OPINION AND ORDER

Before the Court is Osmin Campo Gil's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1). Campo Gil claims his detention is unlawful because the government revoked his release under an order of supervision without complying with regulations or providing a reason for the revocation.  He also claims his detention violates the Fifth Amendment because removal is not reasonably foreseeable.  But the petition does not include enough detail to warrant habeas relief.

In *Zadvydas v. Davis*, the Supreme Court recognized that the Fifth Amendment's Due Process Clause "applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent."  533 U.S. 678, 693 (2001).  The Court held "if removal is not reasonably foreseeable, the court should hold continued

detention unreasonable and no longer authorized by statute." 533 U.S. 678, 700-01 (2001). The Court established a "presumptively reasonable period of detention" of six months—the 90-day removal period plus an additional 90 days. *Id.* Courts consider the constitutionality of continued detention under a burden-shifting framework:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut the showing.

*Id.*

Campo Gil's petition does not carry the initial burden of proof. A habeas petitioner's "bare allegations are insufficient to demonstrate a significant unlikelihood of his removal in the reasonably foreseeable future." *Fahim v. Ashcroft*, 227 F. Supp. 2d 1359, 1365 (N.D. Ga. 2002); *see also Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991) (holding that a petitioner is not entitled to habeas relief—or even an evidentiary hearing—"when his claims are merely conclusory allegations unsupported by specifics[.]" (internal quotation marks and citations omitted)).

Campo Gil's bare allegations are not enough to demonstrate a violation of regulations or to establish a due process claim under *Zadvydas* and the Fifth Amendment. The petition does not include important facts like when and how Campo Gil entered the United States, the status of any removal and asylum

proceedings, any prior periods of immigration detention, the circumstances surrounding his arrest and the revocation of his order of supervision, and any efforts the government has made to deport him.

The Court finds that Campo Gil is not entitled to habeas relief on any ground in his petition. Accordingly, the petition (Doc. 1) is **DISMISSED without prejudice**. Campo Gil may file an amended petition within **21 days** of this order. Otherwise, the Court will enter judgment and close this case without further notice.

**DONE AND ORDERED** in Fort Myers, Florida on February 10, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1